## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ELLIOT KOGER,             )
                                  )
        Plaintiff,            )
                                  )    2:18-cv-01249
        v.                 )
                                  )
PERFECT SMILES DENTAL, *et al.*,   )
                                  )
        Defendants.          )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff, Todd Elliot Koger, commenced this civil action on September 19, 2018, by filing in this Court a Complaint (ECF No. 1–1), and by filing Form AO 240, "An Application to Proceed in District Court Without Prepaying Fees or Costs." (ECF No. 1.) For the reasons that follow, the Court will grant Koger leave to proceed in forma pauperis and will dismiss his Complaint.

As a preliminary matter, the Court will grant Koger leave to proceed in forma pauperis because it appears he is unable to pay the fees necessary to commence this action. (*See* ECF No. 1.) Next, under 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed in forma pauperis, this Court must review his allegations in accordance with 28 U.S.C. § 1915(e). Section 1915(e)(2) requires federal courts to review complaints filed in forma pauperis and to dismiss, at any time, any action that: (i) "is frivolous or malicious;" (ii) "fails to state a claim on which relief may be granted;" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

When determining whether an action has failed to state a claim for purposes of §
1915(e)(2)(B)(ii), the Court applies the same standard applied to motions to dismiss under
Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.
1999); *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011). That means that the
Court must dismiss a complaint if it does not allege "enough facts to state a claim to relief that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007) "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009).

Additionally, a pro se filing is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97,
106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent
standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to
state a claim if it "appears beyond doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
The Court need not, however, credit "bald assertions" or "legal conclusions." *Morse v. Lower
Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). If a complaint is vulnerable to dismissal for
failure to state a claim, the Court must permit a curative amendment, unless an amendment
would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.
2002).

Plaintiff's averments arise from dental care he allegedly received, using a "federal
entitlement"[1] to pay for his care, from Defendant Perfect Smiles Dental. (Civil Complaint, ECF
No. 1–1 ("Compl."), ¶¶ 8 & 10.) Plaintiff's complaint alleges violations of the Pennsylvania

---

[1] Plaintiff repeatedly refers to a "federal entitlement" in his pleadings. (*See, e.g., id.* ¶¶ 9, 12–8, 25.) The Court will
infer that Plaintiff refers to Medicaid.

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1–9.2 and 42 U.S.C. §§ 1981, 1983 & 1985. (*Id.* ¶¶ 10–17.) He also alleges state law fraud, civil rights, defamation, and breach of contract claims. (*Id.* ¶¶ 32–33; 48–50; 52–54.) He seeks "actual and punitive" damages. (*Id.* at 9.)

This Court lacks jurisdiction to address Plaintiff's claims. He is a citizen of Pennsylvania, and so is one of the Defendants, Perfect Smiles Dental.[2] (*Id.* ¶¶ 1–2.) Although he avers that two of the other named Defendants are not United States citizens,[3] Perfect Smiles' Pennsylvania citizenship defeats 28 U.S.C. § 1332(a)(1)'s complete diversity requirement. *See Grand Union Supermarkerts of the V.I. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

As to § 1331 federal question jurisdiction, even a liberal construction of the Complaint does not support a finding that the Defendants are state actors for purposes of §§ 1983 and 1985. Nor does § 1981, which creates rights but not remedies, vest jurisdiction in this Court. *See McGovern v. City of Phila.*, 554 F.3d 114, 116 (3d Cir. 2009) ("[Section] 1981, while providing extensive rights, does not itself provide a remedy against state actors.").

What is more, even if the Court construes Plaintiff's Complaint as raising a *Bivens* claim, rather than a § 1983 claim, the fact that Perfect Smiles accepts a "federal entitlement" does not render it, or the other named Defendants, a federal actor for purposes of a *Bivens* claim. *See*

---

[2] Plaintiff has pleaded that "Perfect Smiles Dental" does business in Pennsylvania and has a mailing address in Pittsburgh, PA. A brief Google search reveals that an entity doing business as "Perfect Smile Dental Group" has a mailing address exactly the same as the one cited in the Complaint. *Cf. Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (stating that in establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings). Perfect Smile's website shows only locations in Pennsylvania, which leads the Court to conclude that Pennsylvania is Perfect Smile's principal place of business. *See Perfect Smile Dental, Locations,* http://www.perfectsmilepa.com/locations-1.html (last accessed Oct. 12, 2018). At any rate, Plaintiff does not plead that Defendant "Perfect Smiles Dental's" citizenship establishes diversity.

[3] Although the Court must assume this is accurate, the Court notes that even if Perfect Smiles were not a Defendant the Court would have no jurisdiction over an action between Mr. Koger and "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. 1332(a)(2).

*Brown v. Philip Morris Inc.*, 250 F.3d 789, 801 (3d Cir. 2001) ("In order to determine whether the conduct of a private party should be attributed to the federal government, . . . . courts [must] ask 'whether the private party charged with the deprivation could be described in all fairness as a [federal] actor.'" (quoting *Edmonson v. Leesville Concrete*, 500 U.S. 614, 620 (1991)) (third alteration in original)).

To hold otherwise would be to expose any medical facility accepting Medicare or Medicaid to federal civil rights liability, not to mention stretching Congress's limits on federal question jurisdiction far beyond their bounds.[4] The long and short of it is that there is no basis to conclude that any claim asserted here, no matter how liberally construed, arises under "the Constitution, laws, or treaties of the United States" for purposes of § 1331. 28 U.S.C. § 1331.

For these reasons, the Complaint, and this civil action, is dismissed for want of federal jurisdiction. This dismissal is without prejudice to Mr. Koger filing an amended complaint to cure the jurisdictional defect in his pleadings, and this dismissal is also without prejudice to Mr. Koger refiling this case in state court. An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: October 15, 2018

cc:    All counsel of record
       Todd Elliot Koger

---

[4] Perfect Smile Dental is also not a federally qualified health center, according to the HRSA data warehouse. *See HRSA Data Warehouse, Find a Health Center*, https://findahealthcenter.hrsa.gov (last accessed Oct. 12, 2018). It therefore is not a deemed federal actor for purposes of the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b); *Lomando v. United States*, 667 F.3d 363 (3d Cir. 2011) ("[A]n action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury . . . resulting from the performance of medical . . . functions' by Public Health Service employees acting within the scope of their employment."(quoting 42 U.S.C. § 233(a))).

4